**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SIERRA FRAC SAND, LLC, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION NO.** 6:18-CV-00167-RWS |
| | § | |
| v. | § | |
| | § | |
| CDE GLOBAL LIMITED, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge John D. Love ("Report"), which recommends granting Defendant CDE Global Limited's Motion to Dismiss (Docket No. 9) and dismissing this action under the doctrine of *forum non conveniens*. Docket No. 18 at 8. Plaintiff timely filed objections to the Report. Docket No. 24. The Court held a hearing on Plaintiff's objections on December 12, 2018. *See* Docket Nos. 38, 41. Having made a *de novo* review of the objected-to portions of the Report, and having considered the arguments of the parties at the hearing, the Court concludes that the findings of the Magistrate Judge are correct and therefore **GRANTS** Defendant's motion.

## STANDARD OF REVIEW

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v.*

*United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds.

## DISCUSSION

Plaintiff objects that the Report failed to follow Texas law, which requires that "a document incorporated by reference be capable of unambiguous identification." Docket No. 28 at 2. Plaintiff argues the Report therefore erred in finding that the contract between the parties (the "Order Acknowledgment") adequately refers to the document titled "CDE General Conditions—June 2016" that Defendant proffers for its forum selection clause. *Id.* at 3, 5. Plaintiff concludes that without the forum selection clause, the public and private interest factors favor the Eastern District of Texas. *Id.* at 7.

When construing a contract, a court's primary goal is to determine the parties' intent as expressed in the terms of the contract. *Chrysler Ins. Co. v. Greenspoint Dodge of Hous., Inc.,* 297 S.W.3d 248, 252 (Tex. 2009); *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). If a contract's reference to another document "is clear and the circumstances indicate that the intent of the parties was incorporation, [Texas] courts have held that a document may be incorporated, even in the absence of specific language of incorporation." *Al Rushaid v. National Oilwell Varco, Inc.,* 757 F.3d 416, 420 (5th Cir. 2014); *cf. Gray & Co. Realtors, Inc. v. Atlantic Hous. Found., Inc.*, 228 S.W.3d 431, 436 (Tex. App.—Dallas 2007, no pet. h.).

Here, Plaintiff does not dispute that the parties properly executed a contract. *See* Docket No. 28 at 7 ("CDE pursued Sierra's business and actually executed the Order Acknowledgement in Texas[.]"); Docket No. 1. According to Plaintiff, the "parties do not dispute that the Order Acknowledgement incorporated *a* document. Indeed, Texas law merely requires a document to 'plainly refer[] to another writing' for it to be incorporated." *Id.* at 5 (quoting *In re Prudential Ins.*

*Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004)) (emphasis in original). Instead, Plaintiff's objections are summarily that the "Magistrate Judge incorrectly takes this rule to mean that merely because the Order Acknowledgement refers to some document, it must be the one identified by CDE." *Id.*

Plaintiff objects that the document titled "CDE General Conditions—June 2016" containing the forum selection clause is not specifically referenced or sufficiently described in the Order Acknowledgment. *Id.* at 2, 5–6. Plaintiff argues that where an unsigned document is not specifically referenced by name, the requisite specificity may be found through "a description of the incorporated document and consideration of the circumstances surrounding the documents." *Id.* (citing *Texas Dept. of Public Safety v. Williams*, 303 S.W.3d 356, 358–59 (Tex. App.—El Paso 2009, no pet.)). Plaintiff asserts that the Order Acknowledgement only refers to the "Standard Terms and Conditions of Sale of CDE Global Limited" and makes no mention of any document titled "CDE General Conditions—June 2016." *Id.* at 2. Plaintiff also asserts that there were no negotiations involving any discussion of a separate document titled "CDE General Conditions— June 2016" and that Plaintiff first learned of such a document when Defendant filed its motion to dismiss (Docket No. 9). *Id.* at 6.

Plaintiff's position that the parties intended to incorporate a separate document containing standard terms and conditions contrasts with evidence in the record that Plaintiff never requested a copy of such a document and never discussed its contents with Defendant. *See* Docket No. 12 at 10 ("CDE did not provide Sierra with nor has it produced a document entitled 'Standard Terms and Conditions of Sale of CDE Global Limited.' "); Docket No. 41 at 16:9–13 ("That the OA included language stating that this extrinsic unsigned document is available to Sierra upon request does not excuse the failure to plainly identify the non-signed document."). Plaintiff does not

explain how the parties could have intended to incorporate such a document without any discussion of the contents or a shared copy of the document.

The contents of the separate document concern not only the forum selection clause, but the merits of this case. Plaintiff's claims arise from alleged representations regarding the delivery date in the Order Acknowledgement, which Defendant argues were only made subject to the standard terms and conditions that describe a non-binding schedule. Docket No. 9 at 4–5 (citing "CDE General Conditions—June 2016" ¶ 16 titled "Time For Delivery"). Plaintiff provides no alternative document and never requested a copy of the standard terms and conditions. *See* Docket No. 12 at 10; Docket No. 41 at 16:9–13. Plaintiff also provides no description of the parties' discussion regarding the standard terms and conditions. Plaintiff represented at the hearing that it does not "really have any proof" regarding to which document the Order Acknowledgment does refer, despite the parties' intent to incorporate a separate document. Docket No. 41 at 10:13–15, 11:8–9.

On this record, the Court finds that the document "CDE General Conditions—June 2016" is the document intended to be incorporated by the parties. The Order Acknowledgement plainly refers to a document containing the standard terms and conditions. Docket No. 10-1 ("This Order Acknowledgement is subject to the Standard Terms and Conditions of Sale of CDE Global Limited."). The document titled "CDE General Conditions—June 2016" is, by its title and contents, a document containing standard terms and conditions one would expect to be included in a contract of this size and complexity between sophisticated parties. *See* Docket No. 10-2 (containing clauses regarding liability, delivery, warranty, payment, termination and force majeure); *Williams*, 303 S.W.3d at 358-59 (considering the contents and circumstances surrounding the documents in an incorporation analysis); *see, e.g.*, *In re Lisa Laser USA, Inc.*, 310

S.W.3d 880, 885 (Tex. 2010) ("The Distribution Agreement and the Standard Terms and Conditions in Exhibit F are not separate, or even separable, agreements. Exhibit F does not contain price or quantity terms . . . . It is nothing more than the standard terms of purchase that would normally accompany any commercial purchase order. Likewise, the Distribution Agreement, while setting out the rough outline of the parties' obligations, is also incomplete. It requires and incorporates the additional terms from the exhibits to fully elucidate the parties' agreement.).

Lastly, Plaintiff argues that, without the improperly incorporated forum selection clause, the public and private interest factors weigh in favor of this district. *Id.* at 7–8*; see also* Docket No. 41 at 8:1–17 ("[I]f the parties included a forum selection clause in their agreement, then that significantly alters how the Court is to weigh those private and public interest factors. However, in the absence of the forum selection clause in this particular case, all of the factors I submit weigh strongly in favor of this forum and I don't believe that's disputed by CDE in this case."). Because the Court finds that the forum selection clause was incorporated into the Order Acknowledgement through the document titled "CDE General Conditions—June 2016," the convenience factors weigh in favor of transfer.

## CONCLUSION

Having made a *de novo* review of the objected-to portions of the Report, the Court finds, for the reasons explained above, that the motion to dismiss should be granted. It is accordingly

**ORDERED** that the Report and Recommendation of Magistrate Judge Love is hereby **ADOPTED**, and Defendant's Motion to Dismiss (Docket No. 9) is **GRANTED.**

**SIGNED this 27th day of March, 2019.**

Robert W Schroeder

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE